IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Commodity Futures Trading Commission, | Civil Action No.: 8:16-cv-03258-TMC-JDA |
| Plaintiff, | |
| vs. | **ORDER** |
| Jody Dupont, Open Range Trading LLC, | |
| Defendants. | |

Plaintiff brought this action alleging violations of the Federal Commodity Exchange Regulation Act. [Doc. 1.] On April 11, 2017, Plaintiff filed a combined motion to strike Defendant Dupont's ("Dupont") Answer as it pertains to Defendant Open Range Trading LLC[1], to strike certain answers, to strike affirmative defenses, and to dismiss Dupont's counterclaims and cross-claims. [Doc. 41.] On May 4, 2017, by Order of this Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Dupont was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 43.] Despite this explanation, Dupont has elected not to respond to the motion.[2]

---

[1]Plaintiff notes that it is unclear whether the Answer is filed on behalf of Dupont only or on behalf of all Defendants. [Doc. 41 at 4.] This Court has previously informed Dupont that he cannot represent and file pleadings on behalf of Open Range Trading LLC. [Doc. 10 at 1–2.] Accordingly, the Court construes the Answer as filed on behalf of Dupont only.

[2]Dupont, proceeding pro se, filed a motion to dismiss on May 18, 2017. [Doc. 49.] The motion, however, fails to address Plaintiff's motion to strike and to dismiss.

As Dupont has failed to respond to the motion, it appears to the Court that he does not oppose the motion to strike. Further, it appears that Dupont wishes to abandon the counterclaims and cross-claims set forth in his Answer. [*See* Doc. 20.] Therefore,

IT IS ORDERED that Dupont shall have through July 18, 2017, in which to file his response. Dupont is advised that if he fails to respond, the motion to strike will be granted as unopposed and the counterclaims and cross-claims set forth in the Answer will be subject to dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., with prejudice.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States Magistrate Judge

June 28, 2017
Greenville, South Carolina