IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Commodity Futures Trading Commission, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Jody Dupont, Open Range Trading LLC, ) <br> ) <br> Defendants. ) <br> _____) | Case No.: 8:16-cv-03258-TMC-JDA <br> <br> **<u>REPORT AND RECOMMENDATION</u>** <br> **<u>OF MAGISTRATE JUDGE</u>** |

This matter is before the Court on Plaintiff's combined motion to strike Answer as it pertains to Defendant Open Range Trading LLC ("Open Range"), strike certain answers, strike affirmative defenses, and dismiss counterclaims and cross-claims [Doc. 41]; and Defendant Dupont's ("Dupont") motion to dismiss [Doc. 48]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

Plaintiff filed this action on September 29, 2016, alleging violations of the Federal Commodity Exchange Regulation Act, 7 U.S.C. § 13a-1. [Doc. 1.] Dupont, proceeding pro se, filed a Notice to the Court related to an extension of time to file an Answer to the Complaint. [Doc. 6.] Dupont also purported to represent Open Range. [*Id.*] On October 26, 2016, the Court issued an Order, explaining that as a pro se litigant Dupont cannot represent Open Range, a limited liability company, in this action. [Doc. 10.] On February 24, 2017, Dupont filed an Answer.[1] [Doc. 20.]

_____

[1]Plaintiff noted that it was unclear whether the Answer was filed on behalf of Dupont only or on behalf of all Defendants. [Doc. 41 at 4.] Because the Court had previously informed Dupont that he could not represent Open Range [Doc. 10 at 1–2], the Court has

On April 11, 2017, Plaintiff filed a combined motion to strike the Answer as it pertains to Open Range[2]; strike paragraphs 2, 3, 4, and 7 of Dupont's Answer; strike Dupont's affirmative defenses; and dismiss Dupont's counterclaims and cross-claims. [Doc. 41.] On May 4, 2017, the Court issued an Order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Dupont of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 43.] However, Dupont never responded to Plaintiff's motion. On May 18, 2017, Dupont filed a motion to dismiss [Doc. 48], to which Plaintiff filed a response in opposition [Doc. 55], and Dupont filed a reply [Doc. 61]. Accordingly, the motions are ripe for review.

## APPLICABLE LAW

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the [petition] in a light most favorable to the [petitioner]." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). With respect to well-pleaded allegations, the

---

construed the Answer as filed on behalf of Dupont only. [*See also* Doc. 68 at 1 n.1.]

[2]As previously noted, the Court construes the Answer as filed on behalf of Dupont only. Accordingly, this Report and Recommendation will not address the portion of Plaintiff's motion seeking to strike the Answer as it pertains to Open Range because that portion of the motion is moot.

United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the [respondent] fair notice of what the . . . claim is and the grounds upon which it rests." While a [petition] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [petitioner's] obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the [petition] are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the [petitioner] pleads factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [respondent] has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the [respondent's] liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 (Where a petition pleads facts that are merely

3

consistent with a respondent's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible the petitioner is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**Rule 12(f) Standard**

Rule 12(f) of the Federal Rules of Civil Procedure allows a court, acting either on its own or on motion made by a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Thus, whether to grant a motion to strike under Rule 12(f) is within the sound discretion of the court, *see GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09CV123, 2009 WL 2160451, at *4 (E.D.Va. July 17, 2009), but striking a defense under Rule 12(f) is generally disfavored because it is a drastic remedy and motions to strike are "'often sought by the movant simply as a dilatory tactic,'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 at 647 (2d ed.1990)). However, "'a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" *Id*. (quoting Wright & Miller, § 1381 at 665).

**DISCUSSION**

**Plaintiff's Combined Motion to Strike and Dismiss Counterclaims and Cross-Claims**

As stated, Plaintiff filed a combined motion to strike paragraphs 2, 3, 4, and 7 of Dupont's Answer, to strike Dupont's affirmative defenses, and to dismiss Dupont's counterclaims and cross-claims. [Doc. 41.] By Order of this Court on May 4, 2017, pursuant to *Roseboro*, 528 F.2d 309, Dupont was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 43.] Despite this explanation, Dupont failed to respond to the motion.

As Dupont is proceeding pro se, the Court filed a second Order on June 28, 2017, giving Dupont through July 18, 2017, to file his response. [Doc. 68.] Dupont was specifically advised that if he failed to respond, the motion to strike would be granted as unopposed and the counterclaims and cross-claims set forth in his Answer would be dismissed for failure to prosecute under Rule 41(b). [*Id.*] However, Dupont has failed to respond to the motion.

Based on the foregoing, it appears Dupont does not oppose the motion to strike. Further, it appears Dupont no longer wishes to pursue the counterclaims and cross-claims set forth in his Answer. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962);

*White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Because Dupont is proceeding pro se, he is personally responsible for his failure to file a response. Dupont has had almost five months to respond to Plaintiff's motion. Under the *Roseboro* Order, Dupont's response was due by June 5, 2017, and despite being advised of the possible consequences if he failed to adequately respond, Dupont elected

not to respond. The Court filed a second Order, reminding Dupont a response was due, giving him additional time—until July 18, 2017—to respond, and warning him that if he failed to respond, the Court would grant the motion to strike as unopposed and the counterclaims and cross-claims set forth in Dupont's Answer would be dismissed pursuant to Rule 41(b). [Doc. 68.] However, Dupont has failed to respond. Because Dupont has already ignored Court Orders and deadlines, sanctions less drastic than dismissal would not be effective. Accordingly, the Court recommends that Plaintiff's motion to strike paragraphs 2, 3, 4, and 7 of Dupont's Answer and to strike Dupont's affirmative defenses be granted as unopposed. Further, the Court recommends that Dupont's counterclaims and cross-claims be dismissed pursuant to Rule 41(b) and that Plaintiff's motion to dismiss Dupont's counterclaims and cross-claims be found as moot.

**Dupont's Motion to Dismiss**

Dupont moves to dismiss this action under Federal Rules of Civil Procedure 41(b) because he contends that Plaintiff failed to comply with the Court's scheduling order, specifically the Rule 26(f) conference requirement. [Doc. 48.] As previously explained by the Court, under Local Civil Rule 16, "[d]ue to the special concerns raised by oral communications between counsel and unrepresented litigants, it is the general practice in this district to waive the Fed. R. Civ. P. 26(f) conference requirement when any party is proceeding pro se." Local Civil Rule 16 n.8 (D.S.C.). Accordingly, the parties were not required to conference prior to submitting their Rule 26(f) reports, and the undersigned recommends denying Dupont's motion to dismiss.

**RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion to strike be FOUND AS MOOT in part and GRANTED in part. The motion should be (1) found as moot with respect to the portion seeking to strike the Answer as it pertains to Open Range; and (2) granted with respect to the portion seeking to strike (a) paragraphs 2, 3, 4, and 7 of Dupont's Answer and (b) Dupont's affirmative defenses. The Court further recommends that Dupont's counterclaims and cross-claims be dismissed pursuant to Rule 41(b) and that Plaintiff's motion to dismiss the counterclaims and cross-claims be FOUND AS MOOT. Finally, the Court recommends that Dupont's motion to dismiss be DENIED.

IT IS SO RECOMMENDED.

                                                s/Jacquelyn D. Austin
                                                United States Magistrate Judge

September 7, 2017
Greenville, South Carolina