IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Commodity Futures Trading Commission ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Jody Dupont, Open Range Trading LLC, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 8:16-cv-03258-TMC <br><br> **ORDER** |

Plaintiff, the Commodity Futures Trading Commission, brought this action in alleging violation of the Federal Commodity Exchange Act, 7 U.S.C. § 13a-1 (ECF No. 1). The parties have filed various motions. Plaintiff filed a combined motion to strike the Answer as it pertains to Defendant Open Range Trading LLC, to strike certain answers, to strike affirmative defenses within the Answer, and to dismiss the counterclaims and cross-claims. (ECF No. 41). Defendant Jody Dupont filed a motion to dismiss. (ECF No. 48). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), that the Plaintiff's motion to strike be found as moot in part and granted in part, that Dupont's counterclaims and cross-claims be dismissed pursuant to Federal Rule of Civil Procedure 41(b), and that Plaintiff's motion to dismiss the counterclaims and cross-claims be found as moot. (ECF No. 81). Plaintiff was advised of his right to file objections to the Report. (ECF No. 81-1). However, Plaintiff filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for

1

adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 81), which is incorporated herein by reference. Accordingly, the Plaintiff's motion to strike is DENIED AS MOOT in part and GRANTED in part. The motion is DENIED AS MOOT with respect to the portion seeking to strike the Answer as it pertains to Open Range and GRANTED with respect to the portion seeking to strike paragraphs 2, 3, 4, and 7 of Dupont's Answer and with respect to Dupont's affirmative defenses. (ECF No. 20). Additionally, Dupont's counterclaims and cross-claims are DISMISSED pursuant to Federal Rule of Procedure 41(b). Therefore, Plaintiff's motion to dismiss the counterclaims and cross-claims (ECF No. 41) is DENIED AS MOOT. Finally, Dupont's motion to dismiss (ECF No. 48) is DENIED.

**IT IS SO ORDERED.**

/s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 5, 2017

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.